# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **JULIA RENAY TILLMAN,** <br> *Plaintiff* <br><br> v. <br><br> **COMMISSIONER OF SOCIAL SECURITY,** <br> *Defendant* | § <br> § <br> § <br> § <br> §    **No. 1:24-CV-00759-RP-SH** <br> § <br> § <br> § <br> § |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Julia Renay Tillman's Complaint seeking judicial review of a final decision of the Commissioner of the Social Security Administration under 42 U.S.C. § 405(g), filed July 5, 2024 (Dkt. 1); Plaintiff's Brief, filed October 6, 2024 (Dkt. 6); Defendant's Response, filed November 5, 2024 (Dkt. 7); Plaintiff's Reply, filed November 12, 2024 (Dkt. 8); and the Social Security Record (Dkt. 5).[1]

### I.   Background

Tillman applied for Social Security disability insurance benefits on February 10, 2021, alleging disability beginning December 21, 2017, when she was 55 years old. Dkt. 5-5 at 5. Tillman, who has a general equivalency diploma, alleges that her disability stems from "diverticulitis, hypothyroidism, hypertension, high cholesterol, irritable bowel syndrome (IBS), anxiety, fibromyalgia, and a brain tumor." Dkt. 5-2 at 44; Dkt. 6 at 2. After her application was denied

---

[1] The District Court referred this case to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

initially and on reconsideration, Tillman requested a hearing before an Administrative Law Judge ("ALJ"). Dkt. 5-4 at 19. The ALJ held a hearing by telephone on October 3, 2023. Tillman, who was represented by counsel, testified at the hearing. Dkt. 5-2 at 35. Vocational Expert Judith Harper testified that a hypothetical individual of the same age, education, and work experience as Tillman could perform her past relevant work at both a medium and light exertional level. *Id.* at 59-60. The ALJ issued her decision denying benefits on November 30, 2023. *Id.* at 15.

Tillman appealed, and the Appeals Council denied review. *Id.* at 2. Tillman then filed this suit challenging the ALJ's decision under 42 U.S.C. § 405(g) and seeking remand or an immediate award. Dkt. 6 at 16.

## II.   Section 405(g) Legal Standards

### A. Disability Determination

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a Social Security claimant is disabled, the Commissioner uses the five-step evaluation process listed in 20 C.F.R. § 404.1520. *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021). The Commissioner considers (1) whether the claimant is engaged in "substantial gainful activity," (2) the severity and duration of the claimant's impairments, (3) whether the claimant's impairment "meets or equals" one of the listings in the relevant regulations, (4) whether the claimant has the residual functional capacity ("RFC") to still do her "past relevant work," and (5) whether the impairment prevents her from doing any relevant work. *Id.* The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth. *Kneeland v. Berryhill*, 850 F.3d 749, 753-54 (5th Cir.

2017). If the Commissioner meets his burden at the fifth step, the burden shifts back to the claimant to prove that she could not perform the alternative work identified. *Id.* at 754.

Between the third and fourth steps, the Commissioner must assess the claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). The RFC is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Id.* at 462.

## B. Judicial Review

A district court's review of the ALJ's disability determination is "highly deferential." *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). A court reviews the Commissioner's denial of Social Security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). If the Commissioner's findings are supported by substantial evidence, they must be affirmed. *Id.* "Substantial evidence is merely enough that a reasonable mind could arrive at the same decision; though the evidence 'must be more than a scintilla, it need not be a preponderance.'" *Webster*, 19 F.4th at 718 (quoting *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012)). The court may find that there is no substantial evidence only if no credible evidentiary choices or medical findings support the decision. *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016). "The court does not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton*, 209 F.3d at 452. Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Id.*

The harmless error doctrine applies to Social Security cases, and courts will not vacate the Commissioner's decision unless the claimant's rights are substantially affected. *Shinseki v.*

3

*Sanders*, 556 U.S. 396, 407-08 (2009). The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error. *Jones v. Astrue*, 691 F.3d 730, 734-35 (5th Cir. 2012).

### III.   ALJ Opinion

The ALJ evaluated Tillman's claim under the five-step sequential evaluation process. The ALJ found that she met the insured status requirements of the Social Security Act through December 31, 2022. Dkt. 5-2 at 17. At step one, the ALJ determined that Jones had not engaged in substantial gainful activity from her alleged onset date of December 21, 2017 through her date last insured, December 31, 2022. *Id.* At step two, the ALJ found that Tillman had the following severe impairments: intracranial meningioma, status-post craniotomy resection, seizure disorder, hypertension, bradycardia, paroxysmal atrial fibrillation, asthma, hypothyroidism, irritable bowel syndrome, diverticulitis, obstructive sleep apnea, and obesity. *Id.* The ALJ also found that Tillman had the non-severe impairments high cholesterol, fibromyalgia, and possible blood disorder. *Id.* at 18. Finally, the ALJ considered the "paragraph B" criteria and found that Tillman had mild limitations in all four areas of mental function. *Id.* at 18-19. She determined that Tillman's anxiety also was a non-severe impairment. *Id.* at 18-19.

At step three, the ALJ found that Tillman did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 20. She then determined that, from December 31, 2017 to May 31, 2022, Tillman had the residual functioning capacity ("RFC") to perform a modified range of medium work, and that from May 31, 2022 through December 31, 2022, Tillman had the RFC to perform a modified range of light work. *Id.* at 21-22. The ALJ included no mental limitations in the RFC.

At step four, the ALJ determined that Tillman could perform her past relevant work as an eligibility worker,[2] which is classified as sedentary and skilled work. *Id.* at 28. In making this finding, the ALJ cited the Vocational Expert's testimony that an individual of Tillman's age, education, past work experience, and RFC could perform her past relevant work. *Id.* The ALJ found that Tillman was not under a disability as defined in the Social Security Act any time from the alleged onset date through the date last insured. *Id.*

## IV.    Analysis

Tillman argues that the ALJ erred by failing to either "adopt mental limitations she found credible in her residual functional capacity (RFC) finding or to explain why she was omitting these credible mental limitations." Dkt. 6 at 4.

**A. The ALJ Erred by Failing to Explain Her Omission of Mental Limitations from the RFC**

Tillman argues that the ALJ's RFC finding was "facially defective because it failed to in any way account for Plaintiff's proven and admitted mental functional limitations." Dkt. 6 at 7. The Court agrees.

When considering whether a claimant has shown disability, "the ALJ must analyze both the 'disabling effect of each of the claimant's ailments' and the 'combined effect of all of these impairments.'" *Loza v. Apfel*, 219 F.3d 378, 399 (5th Cir. 2000) (quoting *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987)). The ALJ determines a claimant's RFC, and to do so "examines the medical evidence in the record, including the testimony of physicians and the claimant's medical records." *Webster*, 19 F.4th at 718. The ALJ must consider all impairments, including those that

---

[2] An eligibility worker: "Records and evaluates personal and financial data obtained from applicant or recipient to determine initial or continuing eligibility. Initiates procedures to grant, modify, deny, or terminate eligibility and grants for various aid programs. Authorizes amount of grants, based on determination of eligibility for money payments, food stamps, medical care, or other general assistance." Dkt. 6 at 9 (quoting DICTIONARY OF OCCUPATIONAL TITLES § 195.267-010).

are not determined to be "severe." 20 C.F.R. § 404.1545(a)(2). The ALJ also must consider the combined effect of impairments. *Loza*, 219 F.3d at 399. This includes the effect of non-severe medically determinable impairments, because even those limitations may combine with other impairments to prevent an individual from performing past relevant work. *Castillo v. Kijakazi*, 599 F. Supp. 3d 483, 488 (W.D. Tex., 2022); 20 C.F.R. § 404.1545(a)(2).

The ALJ did not explain why she omitted the mental limitations from the RFC. At step two, the ALJ made only a generalized reference to Tillman's mental impairment as it relates to the RFC: "The following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." Dkt. 5-2 at 19. The ALJ's step three analysis does not explain her decision to exclude Tillman's non-severe impairment of anxiety from the RFC, as required under 20 C.F.R. § 404.1545(a)(2). Merely explaining at step two that an impairment is non-severe does not satisfy the explanation required at step three. This failure to explain the RFC omission is legal error. *Castillo*, 599 F. Supp. 3d at 489.

The Commissioner argues that "the regulations neither preordain nor preclude any particular RFC for claimants with *mild* limitations in any of these broad areas of mental functioning," and that the state agency psychological consultant's findings and other evidence in the record "provide[] substantial evidence in support of" the ALJ's findings. Dkt. 7 at 10, 12. These arguments are inapt. The Court cannot determine whether the ALJ considered the mental limitations as required because she did not explain her reasoning for omitting them. Neither the record nor the Commissioner's arguments can supply an explanation when the ALJ does not provide one. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council"); *Hernandez v. Comm'r of Social Security*, --- F. Supp. 3d ----, 2024 WL 4126699, at *4 (W.D. Tex.

Sept. 5, 2024). The Commissioner also attempts to distinguish *Castillo* on its facts, but the factual differences are irrelevant. In *Castillo*, 599 F. Supp. 3d at 489, the ALJ stated that he included no limitations in his RFC analysis because in his opinion the claimant's mental limitation was not severe. The ALJ's evaluation was insufficient because he did not explain why the non-severe mental limitation should not be reflected in the RFC. *Id.* The ALJ's decision here offered even less explanation for omitting the mild mental limitations from Tillman's RFC. That was legal error. *Id.*

## B. The ALJ's Error Was Not Harmless

Having determined that the ALJ erred by omitting mental limitations from the RFC without explanation, the Court must determine whether the error was harmless. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Tillman has the burden to show that the error was prejudicial. *Jones*, 691 F.3d 734-35. "Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Audler*, 501 F.3d at 448 (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)) (quotations omitted).

The ALJ determined at step four that Tillman was not disabled because the ALJ found that she could perform her past relevant work as an eligibility worker, which is classified as skilled work. Dkt. 5-2 at 28. The ALJ did not perform an alternative step five finding.

Tillman contends that the error was prejudicial because her mental limitations are critical to the ALJ's finding that she could perform her past relevant work. The Commissioner argues in response that the ALJ properly found that Tillman could perform her past relevant work, underscoring the vocational expert's testimony in support of that conclusion. But the vocational expert testified that a hypothetical person with minimal psychological limitations—including the ability to "understand, remember and carry out detailed but not complex instructions"—could ***not*** perform Tillman's past relevant work, even at the light exertional level. Dkt. 5-2 at 60-61.

The vocational expert's testimony shows that the ALJ's failure to consider mental limitations in the RFC was outcome determinative. The Court cannot determine whether the ALJ sufficiently considered Tillman's mental limitations in making her RFC finding, and that alone is reversible error. *Castillo*, 599 F.Supp.3d at 490; *see also Hernandez*, 2024 WL 4126699, *at 4 (finding that ALJ's failure to explain omission of mental limitations was prejudicial because modification of mental limitations assessment could have altered the conclusion that plaintiff could perform her past relevant work). The Court finds that the ALJ's error was not harmless.

## V. Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **VACATE** the decision of the Commissioner of the Social Security Administration and **REMAND** for further factfinding consistent with this report and recommendation.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on March 3, 2025.

                                                SUSAN HIGHTOWER
                                                UNITED STATES MAGISTRATE JUDGE